IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | Criminal No. 3:10-CR-304-D (01) |
| VS. § | |
| § | |
| QUENTIN BIVINS, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Quentin Bivins ("Bivins") has filed two pretrial motions that the court decides in this memorandum opinion and order.

I

*Motion for Pretrial Disclosure of*
*Fed. R. Evid. 404(b) Evidence*

Bivins seeks disclosure of all evidence that the government intends to offer pursuant to Fed. R. Evid. 404(b). He also requests that the court make preliminary rulings on the admissibility of extrinsic offense evidence outside the presence of the jury. The government has not objected to Bivins' requests.

The court grants the motion. The government must provide Rule 404(b) notice to Bivins no later than Tuesday, July 5, 2011. The government must not disclose Rule 404(b) evidence to the jury until it has obtained a ruling outside the jury's presence that the evidence is admissible.

II

*Motion for* Brady *and* Giglio *Material*

Bivins requests production of any evidence in the possession of the government or its agents that would tend to exculpate him under *Brady v. Maryland,* 373 U.S. 83 (1963), or that would impeach the government's witnesses under *Giglio v. United States,* 405 U.S. 150 (1972). Bivins requests disclosure of eleven general categories (some of which include subcategories) of evidence, including: (a) any witness who is favorable to the defense; (b) any psychiatric or psychological reports that evidence defendant's legal insanity; (c) any prior contrary statements of any government witness; (d) any witness statements or other evidence that suggest that Bivins did not know of the existence of a firearm in the house in question; (e) any records and information revealing prior convictions or guilty verdicts, deferred adjudications or juvenile adjudications in the United States or in any state or foreign jurisdictions attributed to each government witness, including but not limited to, rap sheets, such as National Crime Information Center (NCIC) reports, and/or any judgments and commitment orders; (f) any records and information revealing prior misconduct, wrongs, bad acts, or other crimes attributed to any government witness, particularly those that may be admissible under Rule 608(b) to impeach the truthfulness of the witness; (g) any fees, payment of expenses and/or other material rewards given or offered to any

government witness or informant, including any consideration or promises of consideration given to or on behalf of any government witness or expected or hoped for by the witness (with seven categories specified); (h) any threats, express or implied, direct or indirect, or other coercion made or directed against any government witness, including any criminal prosecutions, investigations, or potential criminal prosecutions that could be brought against the witness; (i) the existence of any federal, state, or local government files concerning a government witness; (j) the existence and identity of any official internal affairs investigation, public integrity investigation, or personnel files relating to or connected with each witness who was or is a law enforcement officer; and (k) any other records and/or information that arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the government's evidence or that arguably could lead to such records or information (with three categories specified). The government has not objected to Bivins' requests.

The court grants the motion to the extent that disclosure is required by *Brady*, *Giglio*, or the progeny of either case, and otherwise denies the motion to the extent (assuming one does) a request exceeds what the government is required to disclose. The

government must produce *Brady* and *Giglio* materials no later than Tuesday, July 5, 2011.

**SO ORDERED.**

June 27, 2011.

                                              SIDNEY A. FITZWATER
                                              CHIEF JUDGE